**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LEE LOEW,** | : | |
| 3046 Grasmere Ave., | : | Case No.: 2:19-cv-5242 |
| Columbus, OH 43224 | : | |
| | : | JUDGE |
| Plaintiff, | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | |
| **REGRET INC., d/b/a SUNBURST** | : | |
| **POOLS,** | : | |
| c/o Registered Agent: Joseph J. Wagner | : | |
| 179 Beechwood Dr. | : | **Jury Demand Endorsed Hereon** |
| Reynoldsburg, OH 43068 | : | |
| | : | |
| and | : | |
| | : | |
| **JOSEPH J. WAGNER,** | : | |
| 179 Beechwood Dr. | : | |
| Reynoldsburg, OH 43068 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff Lee Loew ("Plaintiff") and proffers this Complaint for damages

against Defendant Regret Inc., d/b/a Sunburst Pools and Defendant Joseph J. Wagner

("Defendants").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter

4111 *et seq*., the Ohio Constitution, and the Ohio Prompt Pay Act.

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3.      This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Eastern Division of the Southern District of Ohio, performed his job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5.      Plaintiff Lee Loew is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6.      At all times relevant herein, Plaintiff was an "employee" of Defendants' as that term is defined by the FLSA and Ohio law.

7.      Defendant Regret Inc. is Ohio Corporation conducting business in the Southern District of Ohio.

8.      Defendant Joseph J. Wagner is an individual and resident of Fairfield County, Ohio.

9.      Upon information and belief, Defendant Wagner is the sole owner of Defendant Regret Inc. and controls the pay policies and practices related to Defendants' employees.

10.      At all times relevant herein, Defendants are and have been jointly and individually, "employers" as that term is defined by the FLSA and R.C., Chapter 4111.

11.      At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiff.

12.     At all times relevant herein, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

13.     At all times relevant herein, Defendants have shared the services of Plaintiff.

14.     At all times relevant here, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

15.     At all times relevant herein, Defendants have been jointly engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.

16.     Upon information and belief, at all times relevant herein, Defendants were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

## FACTUAL BACKGROUND

17.     Plaintiff performed work for Defendants between approximately April 2015 and mid-October 2019.

18.     Defendants operate "Sunburst Pools"—a full-service swimming pool company. Defendant' storefront is located at 12981 National Rd. SW in Etna, Ohio.

19.     Defendants build, repair, and service swimming pools in Etna and surrounding areas.

20.     During his employment, Plaintiff was primarily responsible for building, repairing, and servicing swimming pools.  In addition, Plaintiff worked at Defendants' storefront in the winter months.

21.     Plaintiff typically worked six days per week, Monday through Saturday.

22.     Plaintiff worked an average of 60 hours per week.

23.     Defendant misclassified Plaintiff as an independent contractor throughout his employment with Defendant.

24.     Throughout his employment, Plaintiff utilized Defendant's tools and equipment to perform his job duties.

25.     Defendants directed Plaintiff's work and set his schedule.   Plaintiff did not have the opportunity to choose which jobs he performed.

26.     During his employment for Defendants, Plaintiff worked exclusively for Defendants; Plaintiff did not have the opportunity to accept work outside of his work for Defendants.

27.     Plaintiff was paid a weekly salary.  Plaintiff's weekly pay ranged from $350 per week to $750 per week, depending on how much Defendant Wagner believed Plaintiff was "worth" that particular week.

28.     Plaintiff did not clock in or out and was not responsible for reporting his time worked each day.

29.     Plaintiff was not exempt from overtime; however, Defendants never paid Plaintiff one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

30.     Plaintiff was not paid a salary of at least $455 per week for all weeks worked.

31.      Plaintiff's primary job duty was building, repairing, and servicing swimming pools.  This was manual labor that involved hands-on work at customers' homes.

32.     Plaintiff gained the skills and knowledge required to perform his job through on-the-job training.

4

33.     Plaintiff's primary job duty did not include the exercise of discretion and independent judgment on matters of significance.

34.     Plaintiff did not manage the work of any other employees of Defendants.

35.     Plaintiff complained to Defendant Wagner on numerous occasions and explained that he believed his pay did not comply with the law; however, Plaintiff's complaints were never addressed.

**COUNT I**
**FLSA 29 U.S.C. § 201, *et seq.* – Failure to Pay Overtime**

36.     All of the preceding paragraphs are realleged as if fully rewritten herein.

37.     Plaintiff was an employee of Defendants' within the previous three years of the filing of this Complaint.

38.     Plaintiff was not exempt from the overtime provisions of the FLSA.

39.     Defendants misclassified Plaintiff as an independent contractor and failed to pay Plaintiff an overtime premium for all hours worked in excess of 40 per workweek.

40.     Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per workweek.

41.     Defendants knew or should have known of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked in excess of 40 per workweek.

42.     Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

43.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT II
### R.C. 4111.03 – Failure to Pay Overtime

44.    All of the preceding paragraphs are realleged as if fully rewritten herein.

45.    Defendants violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111.03 by misclassifying Plaintiff as an independent contractor and failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 in each workweek.

46.    Defendants' knowing failure to pay Plaintiff overtime wages for hours worked in excess of 40 per workweek is a violation of Section 4111.03 of the Ohio Revised Code.

47.    For Defendants' violations of R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### FLSA 29 U.S.C. § 201, *et seq.* – Failure to Pay Minimum Wage

48.    All of the preceding paragraphs are realleged as if fully rewritten herein.

49.    Plaintiff was an employee of Defendants' within the previous three years of the filing of this Complaint.

50.    Plaintiff was not exempt from the minimum wage mandates of the FLSA.

51.    Defendants misclassified Plaintiff as an independent contractor and failed to pay Plaintiff at a rate of no less than minimum wage for all hours worked.

52.    Defendants knew or should have known of the minimum wage payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to a rate of pay no less than minimum wage for all hours worked.

53.     Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

54.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT IV
### OMFWSA R.C. 4111.02 & Ohio Constitution Section 34(a) - Failure to Pay Minimum Wage

55.     All of the preceding paragraphs are realleged as if fully rewritten herein.

56.     Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.*, and Section 34(a) of the Ohio Constitution by not paying Plaintiff minimum wage for all hours worked.

57.     Defendants' knowing failure to properly pay Plaintiff is a violation of Chapter 4111 of the Ohio Revised Code and Section 34(a) of the Ohio Constitution.

58.     For Defendants' violation of R.C. § 4111.02 and Section 34(a) of the Ohio Constitution, Plaintiff is entitled to recover unpaid wages, an additional two (2) times the unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT V
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

59.     All of the preceding paragraphs are realleged as if fully rewritten herein.

60.     Plaintiff asserts this claim under R.C. 4113.15, which requires Defendants to compensate its employees within thirty (30) days of the performance of compensable work.

61.     Defendants failed to make proper wage payments to Plaintiff for all hours worked.

62.     By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. 4113.15.

63.     As a result, in addition to the amount owed to Plaintiff, Defendants are liable to Plaintiff for an amount equal to six percent of Plaintiff's claim still unpaid or two hundred dollars per paid period, whichever is greater.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

B. An injunction against Defendants from engaging in each of the unlawful practices, policies, and patters set forth herein;

C. An award of unpaid wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

D. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216 and R.C., Chapter 4111;

E. An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15;

F. An award of prejudgment and post judgment interest;

G. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,


*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (614) 547-3614
*Counsel for Plaintiff*


## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.


*/s/Greg R. Mansell*_____
Greg R. Mansell (0085197)