IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEE LOEW,

    Plaintiff,

    v.

REGRET INC., et al.,

    Defendants.

Civil Action 2:19-cv-5242
Judge James L. Graham
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint and to Join Additional Parties (Doc. 32) along with Defendants' Motion for Protective Order and to Resolve Discovery Disputes (Doc. 34). For the following reasons, Plaintiff's Motion is **GRANTED**, and Defendants' Motion is **DENIED as moot**.

**I.    BACKGROUND**

On November 26, 2019, Plaintiff Lee Loew filed this suit, alleging Defendants Regret Inc. d/b/a Sunburst Pools ("Sunburst") and Joseph J. Wagner failed to pay him overtime and minimum wage in violation of the Fair Labor Standards Act ("FLSA") and Ohio Law. (Doc. 1). On September 24, 2020, Sunburst filed a complaint against Plaintiff and his wife in Licking County Court of Common Pleas ("the Second Lawsuit"), alleging seven different claims stemming from Plaintiff's employment with Sunburst. (*See* Doc. 32 at 1).

Procedurally speaking, the Court issued a scheduling order in this matter on January 28, 2019, with an amendment deadline of March 27, 2020, a discovery deadline of July 6, 2020, and a dispositive motions deadline of August 8, 2020. (*See* Doc. 8). The deadlines for discovery and

dispositive motions were subsequently extended to November 4, 2020, and December 4, 2020, respectively. (*See* Docs. 20, 29). Plaintiff moved to amend on October 30, 2020, and Defendants moved to modify the parties' protective order on November 5, 2020. (Docs. 32, 34). Both Motions are ripe for resolution.

## II.   STANDARD OF REVIEW

Two federal rules govern Plaintiff's Motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But because Plaintiff moved to amend after the Court's March 27, 2020, amendment deadline, he "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). This Court has noted that

"the touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

### III. DISCUSSION

As noted, the Court must first decide whether Plaintiff has shown good cause under Rule 16(b) before turning to Rule 15(a)'s more generous standard.

#### A. Rule 16(b)

In evaluating good cause under Rule 16(b), Plaintiff's diligence is key. *Cooke*, 2007 WL 188568, at *2; *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). The moving party may still be deemed to have acted diligently when the factual basis supporting an amendment is not disclosed until after the deadline set in the scheduling order. *Cooke*, 2007 WL 188568, at *2.

Plaintiff acknowledges that the deadline to amend has passed. He argues, however, that good cause exists for this delay given that the basis for this amendment, the Second Lawsuit, was not discovered until September 24, 2020, six months after the deadline. The Court agrees. Upon discovering the Second Lawsuit, Plaintiff moved to amend his complaint roughly one month later. Furthermore, at that time, neither the discovery nor dispositive motion deadlines had passed. *See, e.g., Art Tech., Inc. v. Holland USA, Inc.,* 2007 WL 9725192, at *3 (granting plaintiff's motion for leave to amend after the deadline to amend pleadings had expired but before the discovery and dispositive motion deadlines). The foregoing demonstrates Plaintiff's diligence.

3

Defendants' arguments against amendment are unconvincing. Defendants assert that the Second Lawsuit was "no secret" and "was discussed almost from the beginning of this case." (Doc. 35 at 2). Accordingly, it is Defendants' position that Plaintiff should have anticipated his FLSA retaliation claim and moved to amend earlier. *(See generally id.)*. This, however, is an incorrect understanding of Plaintiff's burden under Rule 16(b). That Rule requires diligence—not the anticipation of potential claims.

In sum, the Court finds that Plaintiff exercised diligence in attempting to adhere to this Court's case schedule, and has, therefore, fulfilled Rule 16(b)'s good cause requirement.

**B. Rule 15(a)**

Turning to Rule 15(a), Plaintiff has satisfied this standard as well. The Court finds, and Defendants do not raise convincing arguments to the contrary, no evidence of bad faith or dilatory motive on Plaintiff's part. There are also no repeated failures to cure deficiencies by amendments previously allowed. *See Foman*, 371 U.S. at 182. Additionally, as evidenced by Plaintiff's diligence discussed above, the Court finds that Plaintiff did not unduly delay moving to amend. Defendants' argument, rather, is one of futility. (*See generally* Doc. 35).

Defendants assert that, because "[t]he filing of a civil suit in state court is not an action of discrimination as defined under the retaliation clauses," Plaintiff's retaliation claim is futile. (*Id*. at 3–4). In addressing futility, the Court's role is to evaluate "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). Broadly speaking, Plaintiff alleges the Second Lawsuit constitutes a "frivolous lawsuit," the filing of which is considered "an adverse employment action," permitting a retaliation claim under the FLSA and its Ohio analogue. (Doc. 37 at 3).

4

In support of their argument to the contrary, Defendants rely on the Supreme Court's decision in *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011). But nothing in that opinion supports Defendants' claim that "a separate lawsuit is not discrimination by an employer." (Doc. 35 at 4). Instead, the Supreme Court held that "oral complaints fall within the scope of the phrase 'filed any complaint' in the [FLSA]'s antiretaliation provision." *Kasten*, 563 U.S. at 17. Nowhere in its opinion does the Court address whether the filing of a separate state civil suit constitutes discrimination under the FLSA. (*See generally id.*). Defendants' argument is unpersuasive as a result.

Importantly, though, caselaw supports Plaintiff's position. "District courts in the Sixth Circuit generally agree that counterclaims that are not brought in good faith but instead are motivated by retaliation, can be a basis for a claim of retaliation." *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 WL 2291657 at * 8 (N.D. Ohio May 25, 2017); *see also Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 911 (W.D. Mich. 2016) (citing *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343–44 (4th Cir. 2008) (holding that "an employer filing a lawsuit against a former employee without a reasonable basis in law or fact constitutes an act of retaliation under [the FLSA]")).

While these cases concern the filing of counterclaims and not a separate civil suit in state court, that distinction does not matter. What matters is the standard from these cases—that an "adverse employment action" is anything, including the filing of a counterclaim, that would "dissuade a reasonable employee from making or supporting an FLSA claim." *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 912 (W.D. Mich. 2016). And Plaintiff alleges that is what happened here. (*See* Doc. 37 at 5). In sum, Plaintiff's proposed amendment is not obviously futile. *See Bear*, 2015 WL 1954451, at *3. It is "the better exercise of discretion to permit the

amendment" and allow Defendants to address the sufficiency of the pleadings in a dispositive motion before the District Judge. *Id.*

Defendants also make a cursory argument regarding undue prejudice. They contend that Plaintiff's proposed retaliation claim would require the Court to "restart discovery, potentially expert witnesses, depositions and dipositive motions." (Doc. 35 at 5). But Defendants fail to elaborate. Indeed, they do not "articulate what additional experts need to be retained or how retaining them would be 'unduly prejudicial.'" *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-CV-557, 2018 WL 4090199, at *3 (S.D. Ohio Aug. 28, 2018) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)) (rejecting similar argument that allowing amendment would be prejudicial because it would require additional discovery, the retention of additional expert witnesses, and an extension of the current discovery schedule). More importantly, the Court can address these concerns by extending the case schedule accordingly. To that end, the parties are **ORDERED** to meet and confer and file a proposed revised case schedule **within fourteen (14) days** of the date of this Opinion and Order.

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint and to Join Additional Parties (Doc. 32) is **GRANTED**. The Clerk is directed to docket Doc. 32-2 as the First Amended Complaint.

\* \* \*

Briefly, regarding the parties' discovery dispute, Defendants request "a protective order against overly burdensome and inappropriate discovery, to reset reasonable deadline to respond to discovery, and to file dispositive motions, and for the court to resolve discovery disputes." (Doc. 34 at 1). Based on Plaintiff's representations, it appears that these issues have been resolved. (*See generally* Doc. 37). Specifically, Plaintiff has agreed to "withdraw its Second Set of

6

Interrogatories," and is no longer seeking "the names or addresses listed on the invoices." (*Id.* at 3–4). Furthermore, Plaintiff asserts that it no longer seeks any further discovery on the current claims. (*Id*. at 4). Given this, Defendants' concerns regarding "overly burdensome and inappropriate discovery," (Doc. 34) are resolved. Accordingly, Defendants' Motion is **DENIED as moot**.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint and to Join Additional Parties (Doc. 32) is **GRANTED**. Defendants' Motion for Protective Order and to Resolve Discovery Disputes (Doc. 34) is **DENIED as moot**.

Considering the directives in this Opinion and Order, as well as the parties' requests for an extension of case deadlines (*see generally* Docs. 34, 36), the parties are **ORDERED** to meet and confer and file a proposed revised case schedule **within fourteen (14) days** of the date of this Opinion and Order.

IT IS SO ORDERED.

Date:  November 24, 2020,                     /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE